UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL ZLOZOWER,                     Plaintiff,<br><br>- against -<br><br>TOWNSQUARE MEDIA, INC.<br>                                                Defendant. | Docket No. 1:17-cv-4161<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Neil Zlozower ("Zlozower" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Townsquare Media, Inc. ("Townsquare" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two photographs of American rock band Guns N'Roses and American heavy metal band Motley Crue owned and registered by Zlozower, a legendary Los Angeles based music photographer. Accordingly, Zlozower seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.	Zlozower is a professional rock and roll photographer whose career has spanned forty-five years photographing many legendary musicians including Michael Jackson, Led Zeppelin, Ban Halen, Eric Clapton and the Rolling Stones. Zlozower in the business of selling and licensing his photographs to online and print media for a fee, having a usual place of business at 660 North Sweetzer Avenue, #303, Los Angeles, California 90048.  Zlozower's photographs have graced front covers of music albums and CD covers, magazines, concert programs, books, and has showcased his iconic photographs in gallery's and museums around the world.

6.	Upon information and belief, Townsquare is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 900 3rd Avenue, New York, New York 10022. At all times material hereto, Townsquare has owned and operated the website and the URL: www.LoudWire.com (the "Website").

## STATEMENT OF FACTS

A.	**Background and Plaintiff's Ownership of the Photographs**

7.	Zlozower photographed American band Guns and Roses and Motley Crue (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8.	Zlozower is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9.	The Photographs were registered with the United States Copyright Office and were given Copyright Registration numbers VA 1-680-670 and VA 1-867-118.

B.	**Defendant Infringing Activities**

10.     Upon information and belief, on or about February 14, 2014 Townsquare ran an article on the Website entitled Guns N' Roses vs. Motley Crue-Classic Cage Match. See http://loudwire.com/guns-n-roses-vs-motley-crue-classic-cage-match/. A true and correct copy of the article is attached hereto as Exhibit C.

11.     The article was written by a staff writer of Townsquare.

12.     The Photographs appear on Townsquares servers.

13.     Defendant did not license the Photographs from Plaintiff for its Website, nor did Defendant have Plaintiff's permission or consent to publish the Photographs on its Website.

14.     Zlozower first discovered the use of the Photographs on the Website on December 1, 2016.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TOWNSQUARE)**
**(17 U.S.C. §§ 106, 501)**

15.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16.     Defendant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

17.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22. Defendant conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5.  That Plaintiff be awarded pre-judgment interest; and

6.  Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 3, 2017

            LIEBOWITZ LAW FIRM, PLLC

            By: /s/Richard Liebowitz
                Richard P. Liebowitz
            11 Sunrise Plaza, Suite 305
            Valley Stream, NY 11580
            Tel: (516) 233-1660
            RL@LiebowitzLawFirm.com

            *Attorneys for Plaintiff Neil Zlozower*